ROBERTSON, Justice:
Appellant, Willie Lee Strode, was indicted, tried and convicted in the Circuit Court of Forrest County, Mississippi, of the burglary of Hudson’s Mercantile Company. He was sentenced to serve a term of five years in the state penitentiary, and he appeals from that judgment.
On the night of January 28th, 1968, Hudson’s Mercantile Company near Hattiesburg, Mississippi, was burglarized, and some $30,-000.00, several collector’s items including ten silver certificates and two $2.00 bills, and a Helbros watch were taken. On January 29th, 1968, appellant and a companion, Willard Manuel, were arrested on the corner of Union and St. Charles Streets, New Orleans, Louisiana, by New Orleans detectives, on suspicion of armed robbery of a New Orleans Bank.
At the time of the arrest, Strode and Manuel were attempting to enter a car bearing Illinois license plates. Appellant was searched and a key to Room 134 of the Tamanaca Downtown Motel in New Orleans and a key to Safe Deposit Box 539 in the Whitney National Bank, New Orleans, were found on his person.
Upon a search of the motel room and safe deposit box, $5,503.00 in currency bound with money wrappers and scotch tape in the manner that Mr. Hudson wrapped his money, ten silver certificates, and two $2.00 bills, a Helbros watch, and the smashed dial mechanism of the safe in Hudson’s office, were found. All of these items were identified by Mr. Hudson as the property of the company, and as having been missing since the night of January 28, 1968.
The principal assignment of error, that there was not probable cause for arresting the appellant without, warrant and that, therefore, the arrest was illegal, was exhaustively discussed and decided adversely to the contentions of the appellant in Strode v. State of Mississippi, 231 So.2d 779 (Miss.1970). That case was correctly decided and we will not again plow that ground.
The other errors assigned by the appellant were:
“The lower court erred in failing to grant the appellant his motion for a mistrial when testimony was introduced that the appellant was plaintiff in a civil action to recover confiscated money from a safe deposit box from a New Orleans police department and the sheriff of Forrest County, Mississippi. This testi *452 mony was irrelevant and highly prejudicial to the rights of the appellant.”
“The trial court erred in failing to direct a verdict for the acquittal of the appellant inasmuch as the evidence was insufficient to show that the appellant was the guilty, party rather than Willard F. Manuel, the lessor of the safe deposit box, the cotenant at the motel room at the Tamanaca Motel and one of the occupants of the car in which the appellant was riding.”
Detective Lawrence John Vigurie of the New Orleans Police Department was asked whether he and others, including Sheriff Gene Walters of Forrest County, Mississippi, were defendants in a lawsuit filed by this appellant as plaintiff in the United States District Court for the recovery of the $5,503.00 currency taken from Safe Deposit Box 539 in the Whitney National Bank, New Orleans, Louisiana, when they searched it. Detective Vigurie answered in the affirmative.
Appellant contends that this testimony was incompetent, irrelevant and immaterial. We disagree. The ownership of this money stolen from Hudson’s Mercantile Company, Hattiesburg, Mississippi, was very much an issue. Appellant recognized this when he contended very strenuously in his third assignment of error that the evidence was insufficient to convict him because Safe Deposit Box 539 in the Whitney National Bank, New Orleans, was leased to Willard Manuel only, and that the $5,503.00 found therein and identified as money stolen from Hudson’s Mercantile Company, Inc. would be evidence against Manuel but not against this appellant. Appellant cannot have his cake and eat it, too. The bringing of that suit wherein appellant claimed the $5,503.00 seized was his money constituted a complete answer to the appellant’s contention here that the money seized should be presumed to be Manuel’s, and not his. That question and answer were very competent, relevant and material.
The evidence of appellant’s guilt was overwhelming. We find no reversible error and the judgment against him is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and SMITH, JJ., concur.